REGAN, Judge.
The plaintiff, D. IT. Holmes Company, Ltd., instituted this suit against the defendant, Miss Edna Mae Nicholson, engaged in business under the trade name of Personality Mart, endeavoring to recover the sum of $1,449.49, representing the balance due on two “club plan accounts” covering respectively the purchase of draperies and a rug from the plaintiff.
The defendant answered and denied that she was indebted unto the plaintiff in any sum whatsoever, however, during the course of the trial, she conceded her indebtedness to the plaintiff to the extent of, at least, $491.32, for the draperies.
From a judgment in favor of plaintiff as prayed for, defendant has prosecuted this appeal.
The record reveals that the Personality Mart was originally a partnership composed of the defendant and Mrs. Marian Call Phillips; it was created July 8, 1949 and dissolved on May 12, 1950; and in consideration of the defendant assuming all of the assets and obligations thereof, Mrs. Phillips gave to the defendant her note dated May 12, 1950, payable December 1, 1950, in *741 the amount of $1,948.12, which reflected Mrs. Phillips’ pro-rata share of the firm’s deficit.
The focal point of the dispute existing between the litigants poses the question of whether the defendant, on May 12, 1950, in agreeing to assume the assets and to satisfy all debts and liabilities of the partnership, assumed the obligation to pay for this rug which has consistently been used by and in the partnership and subsequent thereto was used by and is in the possession of the defendant ?
The defendant, in resisting the efforts of plaintiff to collect the balance due on this rug of $958.17, asserts that the partnership never purchased the rug, but that Mrs. Henry L. Call, the mother of Mrs. Phillips, purchased and assumed the obligation of paying therefor. Defendant, in the final analysis, insists that the sole consideration for assumption of the partnership’s assets and liabilities was the note which she received from Mrs. Phillips in the amount of $1,948.12, and since Mrs. Phillips failed to pay this note on or before maturity, the agreement to assume all of the debts and liabilities of the partnership was void for want of consideration.
We have made a careful analysis of the record and we find that the evidence contained therein amply supports the conclusions reached by the trial judge that the defendant assumed the obligation of paying for this rug. While it is true, that the rug was initially charged to the account of Mrs. Henry L. Call, the mother of Mrs. Phillips, on May 12, 1950, when the partnership was dissolved, plaintiff was instructed by Mrs. Phillips to transfer this charge to the account of the Personality Mart; plaintiff accepted defendant as its debtor and then informed her that the account had been transferred; from that day until the filing of this suit, the defendant has never denied this indebtedness. On the contrary, on March 12, 1951, ten months after the partnership was dissolved, Harry Nowalsky, attorney-at-law, who, at that time, was representing the defendant, addressed a letter to the plaintiff informing it that the defendant was endeavoring to adjust her financial affairs and, accordingly, desired to arrange to liquidate her obligation to it, the largest creditor, by making small monthly payments. While this letter does not reflect the amount which defendant owed to the plaintiff, a statement listing the creditors of the Personality Mart, prepared by Mr. Nowalsky and filed in evidence, reveals an indebtedness to the plaintiff to $1,711.55.
Furthermore, there appears in the record an “Analysis of Accounts Payable”, prepared by Morris Campbell, Certified Public Accountant, who was employed by both partners to prepare a statement of the partnership’s books encompassing the period of January 1, 1950 through March 31, 1950, and the plaintiff is listed therein as a creditor in the sum of $1,711.55.
On appeal, both in brief and in oral argument, defendant’s counsel insists that the agreement to assume all of the assets and liabilities of the partnership was void for want of consideration, since Mrs. Phillips failed to pay the note described here-inabove and, therefore, plaintiff should not be permitted to recover the balance due on this rug from the defendant. We are of the opinion that it is unnecessary for us to initially decide whether this note was paid by Mrs. Phillips in order to determine the liability of the defendant herein, but assuming arguendo, a view which defendant believes most favorable to her, that the note was never paid, this would not make the slightest difference in the result which we have reached, for the reason that the plaintiff was not a party to the agreement which existed between defendant and Mrs. Phillips and, therefore, had no interest whatsoever in whether the note was paid or not. However, plaintiff was entitled to rely upon the defendant’s agreement with Mrs. Phillips contained in the act of dissolution with respect to her assumption of the obligation to pay plaintiff.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.